UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Garden Catering-Hamilton Avenue, LLC and Frank J. Carpenteri,<br>      *Plaintiffs*,<br><br>                  *v.*<br><br>Wally's Chicken Coop, LLC and Michael Natale,<br>      *Defendants*. | Civil No. 3:11cv1892 (JBA)<br><br><br><br><br>February 22, 2013 |

**RULING ON MOTION TO DISMISS**

This case involves allegations that a former restaurant employee left his job to start a rival eatery. Plaintiffs Garden Catering-Hamilton Avenue, LLC ("Garden Catering") and Frank J. Carpenteri sue Michael Natale and Wally's Chicken Coop, LLC—the former employee and the rival restaurant—for breach of fiduciary duty, unfair trade practices, and unjust enrichment. Defendants have filed a counterclaim that alleges that Plaintiffs' suit is itself a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Plaintiffs move [Doc. # 23] to dismiss Defendants' counterclaim. For the reasons that follow, the Court will grant Plaintiffs' motion.

I.     **Factual Background**

Plaintiffs bring a five-count complaint alleging (1) that Defendant Natale breached his fiduciary duty to Garden Catering; (2) that Defendants' actions constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) that Defendants' actions violate Connecticut common law prohibitions against unfair competition; (4) that Defendants have violated the Connecticut Unfair Trade Practices Act ("CUTPA"); and (5) that Defendants were unjustly enriched. (*See* Compl. [Doc. # 1] ¶¶ 64–89.)

Defendants' Counterclaim addresses the purported legal insufficiency of Plaintiffs' claims in the instant action (Counterclaim ¶ 1 ("None of Plaintiffs' claims is supported by facts or law sufficient to make out a cause of action."); *id.* ¶¶ 2–11 (identifying putative shortcomings in Plaintiffs' pleadings)). Defendants further assert in their counterclaim that they are being forced to incur substantial legal fees in connection with this action, and that Mr. Natale, a "well-known Greenwich native," is suffering harm to his good name. (*Id.* ¶¶ 12–13.) Defendants conclude their allegations with a succinct summary of their counterclaim: "[b]ecause [Plaintiffs'] claims are devoid of merit and are interposed for the improper purpose of driving Defendants out of business, Plaintiffs have, in commencing and prosecuting this action, 'engage[d] in [an] unfair method[] of competition and unfair or deceptive acts or practices in the conduct of [their] trade,' a trade practice prohibited under Connecticut law." (*Id.* ¶ 15.)

## II.   Discussion[1]

Plaintiffs argue that Defendants' CUTPA counterclaim is, in essence, a vexatious-litigation claim, and that Defendants are barred from asserting this cause of action because a vexation-litigation claim cannot be maintained as a counterclaim in the same

---

[1] The Federal Rules of Civil Procedure require any pleading stating a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and a counterclaim-defendant may move to dismiss a counterclaim that fails "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Kuck v. Danaher*, 600 F.3d 159, 162–63 (2d Cir. 2010). A counterclaim will not survive a motion to dismiss if it relies on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

suit that is claimed to be vexatious. (*See* Pls.' Mem. Supp. [Doc. # 24] at 6–8.) Under Connecticut law, a plaintiff asserting a claim of vexatious litigation must establish that:

> (1) the previous lawsuit or action was initiated or procured by the defendant against the plaintiff; (2) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice; (3) the defendant acted without probable cause; and (4) the proceeding terminated in the plaintiff's favor.

*Rioux v. Barry*, 283 Conn. 338, 347 (2007). In light of the fourth prong, a vexatious-litigation claim cannot be brought as a counterclaim to the suit that is purportedly vexatious, because a counterclaim is brought in an ongoing proceeding, which, by definition, has not terminated in the counterclaimant's favor. *See Kaltman-Glasel v. Dooley*, 156 F. Supp. 2d 225, 227 (D. Conn. 2001) ("As a necessary element of defendants' counterclaim has not been and cannot be alleged unless and until the litigation terminates in defendants' favor, defendants' vexatious litigation counterclaim fails . . . ."); *Equality, Inc. v. I-Link Commc'ns*, 76 F. Supp. 2d 227 (1999) ("[I]t is impossible to use vexatious litigation as a counterclaim in the very suit that the defendant claims is vexatious." (quotation marks and citation omitted)).

Defendants argue that because their counterclaim sounds under the CUTPA and not as a vexatious–litigation tort, the above rulings are inapposite. The Court disagrees. The same basic logic applies notwithstanding the difference in the legal elements between a vexatious–litigation tort and a CUTPA claim alleging that purportedly frivolous litigation is itself an unfair trade practice. A CUTPA violation "may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." *Daddona v. Liberty Mobile Home Sales, Inc.*, 209 Conn. 243, 254 (1988) (citations omitted). As there is "nothing unfair or deceptive about bringing reasonably grounded litigation," *Scinto v. Mariner Health Care*, Inc., CV93 0302182S, 1993 WL

3

393834, at *2 (Conn. Super. Ct. Sept. 21, 1993), and because nonfrivilous litigation is not contrary to public policy, a CUTPA claim founded on litigation must establish that the litigation itself is vexatious or a sham. The Court, however, cannot make this determination where the litigation that forms the basis for the CUTPA claim is still pending before the Court. As the *Scinto* court observed, "[p]lacing a CUTPA label on what amounts to a vexatious suit claim does not avoid the problem that it is premature." *Id.* The Court concludes that a defendant may not bring a CUTPA counterclaim where the purported CUTPA violation is the lawsuit in which the counterclaim is filed. *See Equal., Inc*, 76 F. Supp. 2d at 232 ("As defendant's counterclaim under CUTPA merely repeats the allegations of the abuse of process counterclaim, that claim also fails. . . . It would be a contrary rule that disallowed vexatious litigation counterclaims disguised as abuse of process counterclaims, yet permitted such allegations under CUTPA."). Defendants' counterclaim is therefore dismissed.

### III.    Conclusion

For the reasons discussed above, Plaintiffs' motion to dismiss Defendants' counterclaim is GRANTED, and Defendants' counterclaim is DISMISSED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of February, 2013.