UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARDEN CATERING - HAMILTON AVENUE, LLC, *et al.*,<br>      *Plaintiffs*,<br>v.<br>WALLY'S CHICKEN COOP, LLC, *et al.*,<br>      *Defendants*. | Civil No. 3:11cv1892 (JBA)<br><br>April 4, 2014 |

**RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants Wally's Chicken Coop, LLC and Michael Natale move [Doc. # 87] for reconsideration of the Court's February 28, 2014 ruling denying Defendants' motion for summary judgment (the "Summary Judgment Ruling") [Doc. # 86], contending that the absence of proof that Defendant Natale owed his former employer a fiduciary duty entitles Defendants to judgment as a matter of law on all remaining claims. Plaintiffs have opposed [Doc. # 95] this motion. For the reasons that follow, Defendants' motion is denied.

**I.      Legal Standard**

Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)1. The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478). This standard is "strict," however, and reconsideration should be

granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision.  *Id.*

II.     **Application**

Plaintiffs have alleged that Defendant Natale breached "the fiduciary duties of loyalty and honesty" by opening Wally's and competing with Garden Catering while he was still an employee.  (Compl. [Doc. # 1] ¶ 65.)  As the Court has already explained, "[i]n order to assert that Natale breached a fiduciary duty to Garden Catering, Plaintiffs must necessarily establish the existence of a fiduciary relationship between the parties."  (Summary Judgment Ruling at 26.)  After reviewing Connecticut law on the scope of the fiduciary duty that at-will employees owe to their employers, the Court concluded that because "the record contains only minimal facts regarding the nature and scope of Natale's employment relationship with Garden Catering, . . . a jury will have to determine the nature of Natale's duties or the extent, if any, of his agency to determine whether the alleged misconduct was within the scope of Natale's employment and whether such conduct establishes a breach of his fiduciary duty to Garden Catering."  (*Id.* at 29.)

Defendants contend that it "is with respect to this conclusion" that reconsideration is warranted, because "the information the Parties provided to the Court regarding Mr. Natale's duties at Garden Catering was minimal because his duties were 'minimal.'"  (Defs.' Mem. Supp. [Doc. # 88] at 2.)  Defendants maintain that Plaintiffs "simply make a conclusory assertion that Mr. Natale owed, and breached, fiduciary duties

2

to Plaintiff Garden Catering" without citing any "proof in support of their assertion." (*Id.*)  According to Defendants, in denying their motion for summary judgment, "the Court necessarily must have assumed that the parties would present additional, disputed, facts on this issue at trial," which is "where the Court erred," because "Plaintiffs did not identify to the Court in their Local Rule [56(a)2] Statement any 'Disputed Issues of Material Fact' warranting a trial of any factual dispute in this action." (*Id.*)

Defendants cite no evidence in the record in support of this claim just as in their motion for summary judgment they largely failed to cite evidence in the record in support of their assertions.[1]  The Court has already addressed in depth Defendants' failure to comply with Local Rule 56, which required Defendants, as the parties moving for summary judgment, to cite evidence in the record demonstrating that they were entitled to judgment as a matter of law.  (*See* Summary Judgment Ruling at 7–11.)  Defendants' current assertion that they are entitled to summary judgment, because Plaintiff's Local Rule 56(a)2 Statement "did not identify . . . any factual dispute for the jury bearing on the question [of] whether Mr. Natale owed Garden Catering a fiduciary duty" (Defs.' Mem. Supp. at 3) reflects a continued misunderstanding of their burden of production on summary judgment.

As the Court has already noted, a party moving for summary judgment has the burden to "*show*[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphasis added).

---

[1] Additionally, Defendants' assertion that Natale's duty was "minimal" implies that he owed Garden Catering some duty, and Defendants cite no authority for the proposition that despite the existence of some duty, they are entitled to judgment as a matter of law.

Although Defendants could satisfy this burden by pointing "to an absence of evidence to support an essential element of the nonmoving party's claim," *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995), "a mere conclusory statement that the other side has no evidence" is insufficient to shift the burden "to the plaintiffs to go beyond the pleadings to show specific facts creating a genuine issue for trial," *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993); (*see also* Summary Judgment Ruling at 9–11).

Given that Defendants did not satisfy their burden of showing—based on evidence in the record, not conclusory assertions—that Plaintiffs would be unable to prove at trial the existence of Natale's fiduciary duty, the burden never shifted to Plaintiffs to show a dispute of fact in order to avoid summary judgment. That is, Plaintiffs could continue to rely upon the allegations in their Complaint without showing any disputed facts. Accordingly, to the extent that there is an absence of evidence in the record regarding the nature of Natale's fiduciary duty, this simply reinforces the Court's conclusion that Defendants failed to show their entitlement to summary judgment.[2]

---

[2] Without citing any authority, Defendants contend that if the Court determines that Natale did not owe Garden Catering a fiduciary duty "there will be no underlying basis upon which Plaintiffs could prevail on any of their common-law unfair competition, CUTPA or unjust enrichment claims" against both Natale and Wally's. (Defs.' Mem. Supp. at 4.) Given the Court's conclusion that reconsideration is not warranted, it need not address this argument.

### III. Conclusion

For the reasons discussed above, Defendants' motion [Doc. # 87] for reconsideration is DENIED.

                                            IT IS SO ORDERED.

                                            /s/
                                      Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of April, 2014.