UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
GARDEN CATERING – : Civil Action No. 3:11-CV-01892-JBA
HAMILTON AVENUE, LLC and :
FRANK J. CARPENTERI, :
:
Plaintiffs, :
:
vs. :
: April 15, 2014
WALLY'S CHICKEN COOP, LLC :
and MICHAEL NATALE, :
:
Defendants. :
---------------------------------------------------------x

# DEFENDANTS' MOTION IN LIMINE

**A.     Damages**

Plaintiffs have provided to Defendants, as part of the Parties' preparation of the Joint Trial Memorandum, proposed jury instructions that suggest that Plaintiffs plan to present at trial a claim for damages. Plaintiffs should not be allowed to present a claim for damages at trial because they neglected to provide to Defendants during discovery any analysis of, or legal support for, any claim for damages that relates to the matters that Plaintiffs might present at trial in this action.

Defendants can only speculate as to what claims and disputes Plaintiffs would present to a jury if there were a trial of this case, because Plaintiffs have never specified how they plan to apply law to facts so as to articulate a coherent claim for relief. Plaintiffs' responses to Defendants "contention" interrogatories and Plaintiffs' responses to questions during depositions have consisted of nothing more than regurgitation of vague allegations from Plaintiffs' Complaint.

**ORAL ARGUMENT NOT REQUESTED**

The Court ordered each Party with a damages claim in the case to present, by a date certain, its "Damages Analysis." Ultimately, Plaintiffs served their Damages Analysis on Defendants on May 1, 2013. Defendants submit a copy of Plaintiffs' Damages Analysis as Exhibit A hereto.

The only analysis of damages set forth in Plaintiffs' May 1, 2013 Damages Analysis was Plaintiffs' reference in that May 1, 2013 Damages Analysis to an earlier-served "expert disclosure," an accounting exercise tabulating a claim for disgorgement of Defendants' "profits." Defendants submit a copy of Plaintiffs' March 6, 2013 "Rule 26(a)(2) Expert Disclosure as Exhibit B hereto. The legal bases for the disgorgement-of-profits claim were Plaintiffs' allegations of unfair competition under the Lanham Act. Because the Court has entered judgment in favor of Defendants on Plaintiffs' claims under the Lanham Act, nothing in Plaintiffs' "expert disclosure" is of any relevance in this action.

PLAINTIFFS HAVE NOT BEEN HARMED.

The May 1, 2013 Damages Analysis contains vague, baseless assertions that no more constitute "analysis" of any damages claim than did the vague, muddled allegations in Plaintiffs' Complaint. The document contains no analysis of damages that relates to any claim that remains pending in this action.

Plaintiffs must be precluded from presenting any claim for damages in this action.

**B.     Joseph DeCusati**

In early 2013, Plaintiffs served on Defendants an "Expert Disclosure" in which Plaintiffs identified accountant Joseph A. DeCusati as someone whom Plaintiffs might present at trial to testify regarding Plaintiffs' damages claim. The "Damages Determination Analysis" from Mr. DeCusati that Plaintiffs attached to their Expert Disclosure consisted of a purported

determination of "profits" earned by Defendants. The legal basis for the damages claim to which Mr. DeCusati's analysis was alleged to be relevant was a theory that Plaintiffs could seek disgorgement of Defendants' profits under the Lanham Act. Defendants submit a copy of Plaintiffs' March 6, 2013 "Rule 26(a)(2) Expert Disclosure as Exhibit B hereto.

Because the Court has entered judgment in favor of Defendants on Plaintiffs' claims under the Lanham Act, the "expert" disclosure provided by Plaintiffs on March 6, 2013 is no longer relevant to any claim in this action.

Plaintiffs have identified Mr. DeCusati on their witness list for trial. Defendants have asked Plaintiffs to remove Mr. DeCusati from their witness list and to confirm that they understand that he may not testify at trial as an "expert" in view of the limited scope of Plaintiffs' expert disclosure regarding Mr. DeCusati. Plaintiffs contend that they disagree. Because Plaintiffs did not provide any disclosure during the discovery process that would enable them to present "expert" testimony from Mr. DeCusati on any other subject, the Court should not allow Plaintiffs to present testimony from Mr. DeCusati under Fed. R. Evid. 702.

**C.   Jeff Natale**

Plaintiffs' allege that Defendant Michael Natale ("Natale") breached a duty by "soliciting" three employees to join him and to work at Wally's Chicken Coop.

These allegations are absurd with regard to Natale's alleged solicitation of Jeff Natale for several reasons. <u>First</u>, Natale was a part-time, paid-in-cash "employee" who worked for Plaintiff Garden Catering – Hamilton Avenue LLC ("GCHA") a couple of afternoons per week as a cashier. Plaintiffs have not alleged that Natale was a trusted employee in a confidential relationship with GCHA and have denied that he was relied upon for any particular expertise that would suggest any fiduciary duty to Plaintiffs.

3

Second, Jeff Natale is Defendant Natale's twin brother. The Natale brothers had worked together for years in their family's construction business. The suggestion that Natale should not have spoken to his brother about the venture on which they have embarked, to open their own business together, just because they both worked on occasion for delicatessens operated by members of the same (Carpenteri) family, is ridiculous.

And Third, even if Natale were deemed to have owed to Plaintiff Garden Catering – Hamilton Avenue, because of his work a few hours per week as a cashier, some duty that would have barred him for life from talking to his twin brother about opening a delicatessen and would barred him for life from selling fried chicken nuggets, neither Plaintiff is in a position to complain of Natale's actions in discussing with Jeff Natale the possibility that the brothers might start a business together.

Neither Plaintiff is in a position to complain of any of any "solicitation" of Jeff Natale because:

(1) Jeff Natale did not work for Plaintiff GCHA, so "solicitation" of him could have had no impact on GCHA and

(2) Defendant Natale did not work for Plaintiff Frank Carpenter Sr., so Defendant Natale did not owe Frank Carpenteri Sr. any duty to not speak with Natale's twin brother Jeff about the Wally's Chicken Coop venture.

There is no dispute as to these facts. When Defendants brought to the attention of Plaintiffs' counsel on April 11, 2014 (in the context of proposing stipulated uncontroverted facts) the fact that Jeff Natale did not work for GCHA, Plaintiffs' counsel admitted that Jeff had indeed worked at the "Garden Catering" stores in Stamford and Mamaroneck, but, instead of acknowledging the need to drop from the case Plaintiffs' allegations regarding Jeff Natale,

4

Plaintiffs asserted disingenuously that Jeff had worked for "Garden Catering," by proposing the following stipulated uncontroverted fact:

> "Plaintiffs allege that Natale, while he was still employed by Garden Catering HA in 2011, solicited Jeff Natale to join him in the WCC venture. While with Garden Catering, Jeff Natale worked at the Old Greenwich and Downtown Stamford stores."

Defendants neither know nor care whether there is a legal entity called "Garden Catering." If there is, Defendant Natale did not work for it and it is in any event not a party to this action.

Plaintiff Frank Carpenter Sr. has no ownership interest in Plaintiff GCHA (Transcript of December 12, 2012 Deposition of Frank Carpenteri Sr., p. 17 lines 2-3; Exhibit C hereto) and therefore has no standing to bring any claim against Defendant Natale based on Natale's "employment" relationship with GCHA.

Plaintiff GCHA did not employ Jeff Natale, and therefore could not have been harmed by any "solicitation" of him to terminate his part-time employment relationship.

The Court should not allow either Plaintiff to present evidence at trial on the issue of "solicitation" of Jeff Natale.

**D.     Marcos Zuniga**

Plaintiffs' allege that Defendant Michael Natale ("Natale") breached a duty by "soliciting" three employees to join him and to work at Wally's Chicken Coop.

These allegations are absurd with regard to Natale's alleged solicitation of Marcos Zuniga for at least two reasons. <u>First</u>, Natale was a part-time, paid-in-cash "employee" who worked for Plaintiff Garden Catering – Hamilton Avenue LLC ("GCHA") a couple of afternoons per week as a cashier. Plaintiffs have not alleged that Natale was a trusted employee in a

5

confidential relationship with GCHA and have denied that he was relied upon for any particular expertise that would suggest any fiduciary duty to Plaintiffs.

Second, despite focusing on this issue throughout the entire pendency of this action, Plaintiffs have developed no proof that any "solicitation" of Mr. Zuniga ever occurred. That is, they have no proof that it was the opportunity to work at Wally's Chicken Coop that led Mr. Zuniga to terminate his employment relationship with GCHA. Plaintiffs have made much of their dialogue with Mr. Zuniga after he initially advised that he would be leaving GCHA and have discussed at length, for example, in opposition to Defendants' motion for summary judgment, as if it were illegal to pay Mr. Zuniga for his labor, the compensation that Defendant Natale offered to Mr. Zuniga. Plaintiffs have not, however, developed a shred of evidence inconsistent with Defendant Natale's testimony – that Mr. Zuniga approached Mr. Natale after Mr. Zuniga heard that Mr. Natale was leaving GCHA, that Mr. Zuniga advised that he too was leaving GCHA, and that a discussion of Mr. Zuniga possibly working at Wally's Chicken Coop ensued.

The testimony of Plaintiff GCHA, via its 30(b)(6) witness, Frank Carpenteri Jr., is dispositive:

> when asked whether he was aware whether Mr. Zuniga was already intending to leave GCHA when Defendant Natale offered Zuniga a job, and whether Mr. Zuniga "was actually solicited while an employee or was already intending on leaving Garden Catering," Mr. Carpenteri testified: "Conclusively, I don't know what he was thinking." (Transcript of Sept. 20, 2012 Deposition of Garden Catering – Hamilton Avenue LLC, p. 92, lines 2-19; Exhibit D hereto).

Beyond this testimony acknowledging that Plaintiffs have no basis for this allegation, the Court and the jury will, if Plaintiffs are allowed to present proof in support of this allegation, hear nothing from Plaintiffs on this point other than speculation and hearsay.

The Court should not allow either Plaintiff to present evidence at trial on the issue of "solicitation" of Marcos Zuniga.

**E.     Philip Pittocco**

Plaintiffs' allege that Defendant Michael Natale ("Natale") breached a duty by "soliciting" three employees to join him and to work at Wally's Chicken Coop.

These allegations are absurd with regard to Natale's alleged solicitation of Philip Pittocco for several reasons.  <u>First</u>, Natale was a part-time, paid-in-cash "employee" who worked for Plaintiff Garden Catering – Hamilton Avenue LLC ("GCHA") a couple of afternoons per week as a cashier.  Plaintiffs have not alleged that Natale was a trusted employee in a confidential relationship with GCHA and have denied that he was relied upon for any particular expertise that would suggest any fiduciary duty to Plaintiffs.

<u>Second</u>, Mr. Pittocco was a summer employee at GCHA who, irrespective of any relationship with Defendant Natale, would have been leaving GCHA late in the summer of 2011 to return to the University of Connecticut, at Storrs.

Frank Carpenteri Jr. testified, as GCHA's Rule 30(b)(6) witness, that the extent of Mr. Pittocco's employment at GCHA was "most of the summer of 2011."  (Transcript of Deposition of GCHA, p. 30, line 23)(Submitted as Exhibit E herewith).

<u>Third</u>, Mr. Pittocco had a relationship with Defendant Natale relating to the Wally's Chicken Coop venture prior to Mr. Pittocco's employment relationship with  GCHA.  Indeed, Plaintiffs have proposed that Defendants stipulate to the following, as an

7

"uncontroverted fact" to be read to the jury: "In March or April, 2011, Natale discussed his interest in opening a restaurant in the Storrs area with Philip Michael Pittocco (also a Garden Catering employee) and asked Pittocco, in substance, to keep an eye out for an available space."

The notion that Natale did anything improper by employing in Storrs in the fall of 2011 a student who was returning to Storrs to attend UConn, just because Natale had happened to work a few hour per week during the summer of 2011 at the same delicatessen at which the student (summer employee) worked in Greenwich during the summer, is absurd.

The Court should not allow either Plaintiff to present evidence at trial on the issue of "solicitation" of Philip Pittocco.

Defendants thank the Court for its consideration.

Dated: April 15, 2014

        DEFENDANTS
        WALLY'S CHICKEN COOP, LLC
        and MICHAEL NATALE

        By:   /s/ Anthony J. Medico
        Anthony J. Medico [ct13310]
        Anthony@ajmedico.com
        Medico & Associates LLC
        75 Holly Hill Lane, Suite 100
        Greenwich, Connecticut 06830
        Telephone:   (203) 661-8151
        Facsimile:   (203) 625-9612

        By:   /s/ James P. Doyle
        James P. Doyle [ct15613]
        james.doyle@pharma.com
        c/o Rhodes Technologies
        498 Washington Street
        Coventry RI 02816
        Telephone: (401) 262-9202
        Facsimile: (401) 262-9403