ELECTRONIC ORDER IN <u>GARDEN CATERING – HAMILTON AVENUE, LLC, ET AL. V. WALLY'S CHICKEN COOP, LLC ET AL.</u>, 11 CV 1892 (JBA)

6/4/14 – An impromptu discovery conference was held telephonically yesterday with respect to plaintiffs' Rule 30(b)(6) deposition of defendant Wally's Chicken Coop, LLC ["WCC"], limited to the topic of "Fish Batter Mix," belatedly identified by defendants as a trial exhibit, Exh. B. (Dkts. ##129-30). The letters provided by both sides, with multiple exhibits, will be docketed today.

As before (<u>see</u> Dkt. #120), this discovery dispute has its genesis in the pretrial conference held before U.S. District Judge Janet Bond Arterton on April 24, 2014 (Dkt. #117)["Tr."], during which there was a lengthy discussion of Exh. B. (<u>See generally</u> Tr. 43-50). Plaintiffs' counsel asked for an "opportunity to elicit some additional information[]" with respect to Exh. B, to which Judge Arterton suggested that counsel attempt to "resolve this," but if counsel were unable to come to an "understanding what the bag is about and what the contents of the bag are without the Court's intervention, then the Court will be glad to assist you." (<u>Id.</u> at 49-50).

As reflected in the multiple e-mails attached to the parties' letters, counsel were unable to resolve this issue between themselves. (Plaintiffs' 6/3/14 Letter, Exhs. E-F; Defendants' 6/3/14 Letter, Exh. C). As a result, plaintiffs noticed defendant WCC's deposition for May 29, 2014, at which defendant did not appear. (Plaintiffs' 6/3/14 Letter, Exhs. G-H).

Plaintiffs now ask the Court to sanction defendants and their attorney by precluding all evidence concerning the Fish Batter Mix, including any testimony relating to its use by defendants or otherwise inconsistent with their prior deposition testimony, or alternatively, to compel defendant WCC to appear and testify in accordance with the Rule 30(b)(6) deposition notice and pay costs associated with this proceeding. (Plaintiffs' 6/3/14 Letter at 2, 5-7).

In contrast, defendants argue that a representation from defense counsel regarding the Fish Batter Mix should be sufficient, or at most, written interrogatories on this issue. (Defendants' 6/3/14 Letter at 2). During the telephonic discovery conference, defense counsel emphasized the inconvenience a deposition will pose to his clients, who do not have the resources that plaintiffs have.

In that jury selection is scheduled in four short weeks (<u>see</u> Dkt. #114), the Magistrate Judge agrees with plaintiffs that a brief deposition is "the most efficient method to inquire into these issues[,]" particularly with respect to "follow-up questions." (Plaintiffs' 6/3/14 Letter at 5-6). Plaintiffs' counsel has estimated that the deposition should not last more than one hour, if counsel cooperate. As indicated during the conference, counsel are free to agree upon a video deposition, or a telephonic deposition, if that will reduce the disruption to defendants' work schedule.

Plaintiffs' additional requests are hereby <u>denied</u>.